UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LARRY MORRIS                                                      PLAINTIFF

v.                                        CIVIL ACTION NO. 3:11CV-P339-S

DET. KENNY NAUERT                                                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Larry Morris, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. §

1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and

*McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the

action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff, a prisoner at Little Sandy Correctional Complex, sues in his individual and

official capacities Louisville Metro Police Detective Kenny Nauert.[1]  Plaintiff alleges that

Defendant Nauert violated his constitutional rights to due process and a fair trial when he testified

because Defendant did not have personal knowledge of the case.  He states that on February 9,

2007, his rights were violated when Defendant Nauert made a statement at his jury trial.  He states

that on July 11, 2008, the Kentucky Court of Appeals determined that Defendant Nauert violated

Kentucky Rules of Evidence 602, 608, and 702.  As relief, Plaintiff wants $600,000 in monetary

damages and $1,000,000 in punitive damages.

---

[1] He also lists in the body of his complaint but not in the caption Judge Frederic J. Cowan.
According to Rule 10(a) of the Federal Rules of Civil Procedure, however, "[e]very pleading must
have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. *The title
of the complaint must name all parties*; the title of other pleadings, after naming the first party on
each side, may refer generally to other parties." (emphasis added).  Because Judge Cowan is not
listed in the caption of the complaint, he is not a properly named defendant and is not a party to
this action.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, dismissal is appropriate because Defendant Nauert is absolutely immune from monetary relief. Although government officials enjoy only qualified immunity as to their pretrial conduct, "all witnesses-police officers as well as lay witness-are absolutely immune from civil liability based on their trial testimony in judicial proceedings." *Briscoe v. LaHue*, 460 U.S. 325, 328 (1983). A witness is entitled to testimonial immunity "no matter how egregious or perjurious that testimony was alleged to have been." *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999).

Accordingly, by separate Order, the Court will dismiss Plaintiff's claims.

Date:

cc:     Plaintiff, *pro se*
        Defendant Nauert
4411.009